Michael B. Ijams (Bar No. 084150)
Natalie A. Hayen (Bar No. 252564)
**CURTIS LEGAL GROUP**
A Professional Law Corporation
1300 K Street, Second Floor (95354)
P.O. Box 3030
Modesto, CA 95353
(209) 521-1800
(209) 572-3501 FAX
mijams@curtislegalgroup.com
nhayen@curtislegalgroup.com
Attorneys for Defendant/Counter-Complainant MTC Distributing and Defendant Thomas Eakin

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| William D. Johns, | No.  1:09-CV-2073 LJO GSA |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER LIMITING USE OF DISCOVERY, AND ORDER THEREON** |
| v. | |
| MTC DISTRIBUTING, INC, and TOM EAKIN, an individual | DATE: N/A<br>TIME : N/A<br>DEPT: |
| Defendants.                                       / | Action Filed: September 11, 2009<br>Trial date: |
| MTC DISTRIBUTING | |
| Counter-Complainant, | |
| v. | |
| WILLIAM D. JOHNS, | |
| Counter-Defendant. | |
|                                                       / | |

It is hereby stipulated by and between plaintiff and counter-defendant WILLIAM D. JOHNS, and defendant/counter-complainant MTC DISTRIBUTING and Defendant THOMAS EAKIN, by and through their respective attorneys, that a protective order may issue limiting the use of discovery material in this action as follows:

---

**STIPULATION FOR PROTECTIVE ORDER LIMITING USE OF DISCOVERY, AND ORDER THEREON**

**DEFINITIONS**

1. As used in this Protective Order,

    a. "Designating Party" means any Person who designates Material as Confidential Material.

    b. "Discovering Counsel" means counsel of record for a Discovering Party.

    c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    d. "Confidential Material" means any material designated as CONFIDENTIAL in accordance with the terms of this Protective Order.

    e. "Material" means any documents, testimony, or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

    f. "Party" means the Parties to this action, their attorneys of record and their agents.

    g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

    h. "Producing Party" means any Person who Provides Material during the course of this action.

    i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure ("F.R.C.P.") or otherwise, to any Party.

**CONFIDENTIAL DESIGNATION**

2. A Producing Party may designate as "CONFIDENTIAL" any Material provided to a Party which the Producing Party in good faith believes contains or discloses any of the following:

    a. Non-public insider information, confidential and/or commercially sensitive financial or customer information, personnel files; and other sensitive or proprietary information;

    b. Material which contains or discloses information which the Producing Party in good faith believes to have a high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed; and

    c. Material which contains employees names and/or social security numbers; this information is to be fully reacted with the exception of the last four digits of the social security number.

    d. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

3. A Producing Party shall stamp as CONFIDENTIAL materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this order. A Producing Party may designate Confidential Material for Protection under this order by any of the following methods:

    a. By identifying the Material with reasonable specificity before permitting the Discovering Counsel to inspect it or a copy of it;

    b. By physically marking it with the following inscription prior to Providing it to a Party: "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**;" or

    c. By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as CONFIDENTIAL prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the Bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked

with the inscription described in the previous subparagraph.  Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party.  For previously Provided Material which was not designated as Confidential material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

## RESTRICTION ON USE OF MATERIAL

4. Material shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.  The Parties agree that they will not use any Material provided in this action for any purpose other than this action.

5. Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering party or anyone other than the Producing Party, specifically including the persons identified in Paragraph 7 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential material shall be limited to persons authorized pursuant to Paragraph 7 of this Protective Order.

7. For purposes of the of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

b. Court reporters and their staff.

c. The court and any Person employed by the court whose duties require access to Confidential Material.

d. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 8 and 9.

e. Non-party experts, consultants and investigators assisting counsel with respect to this action and their secretarial, technical and clerical employees, including copy services, who are actively assisting in the preparation of this action.

f. The Parties, and/or the officers, directors and employees of Parties, who have a need to review Confidential Material to assist in connection with this litigation, subject to the limitations set forth herein.

g. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation.

h. Any person identified on the face of any such Confidential Material as an author or recipient thereof.

i. Any arbitrator or mediator in this litigation.

The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

8. Discovering Counsel is responsible for informing any Person described in Paragraph 7 above, of the Protective Order and his or her obligation to be bound by its terms.

**USE OF CONFIDENTIAL DOCUMENTS IN DEPOSITIONS AND PLEADINGS**

9. DEPOSITIONS.  Those portions of depositions taken by any Party at which any Confidential Material is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7of this Protective Order to view such Confidential Material.

Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material.  Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material.  Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits.  Within thirty calendar day of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material.  If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty-day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.  For purposes of this Paragraph 9, this Protective Order shall be deemed "effective" on the date on which it has been executed by the court.

When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of

their contents.  The reporter shall not file or lodge with the court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material.  For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

10. PLEADINGS.  If any Party files with the court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Material, the pleading or other paper in which the Confidential Material is embodied shall be filed and maintained under seal and shall not be available for public inspection.  The Party marking the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

> **CONFIDENTIAL – this document is subject to a PROTECTIVE ORDER in Johns v. MTC Distributing, et al. (U.S. District Court Case. No. 1:09-CV-2073) and may not be examined or copied except by the Parties, their respective counsel of record, or by Court Order.**

## OBJECTIONS TO DESIGNATION

11. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not meet the standards set forth in Paragraph 2 of this Protective Order.  The Designating Party shall within fifteen (15) court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute.  The Challenging Party shall have thirty (30) calendar days from the conclusion of the meet and confer to file a motion challenging the designation of the material in question.  If no motion is

filed within that 30-day period, or any mutually agreed to extension of time, all Parties shall treat the Material as designated.  If a motion challenging the designation is filed, the Designating Party must show by a preponderance of the evidence that there is good cause for the designation as Confidential Material.  Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material that is the subject of the motion as Confidential Material.

## RETURN OF MATERIAL

12. Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Producing Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of these actions, counsel for each Party shall store in a secure area all work product which embodies Confidential Material, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown.  The obligation of this Protective Order shall survive the termination of this action.  To the extent that Confidential Materials are, or become, known to the public through no fault or action of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order.  Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## SCOPE OF THIS ORDER

13. Except for the provisions regarding post-trial or post-settlement return and destruction of material, or segregation of work product which embodies

Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

14. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to federal law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

15. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such material at trial.

16. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

17. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

18. If at any time any Confidential Material protected by this Protective Order is subpoenaed from the Discovering Party by any court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the

Producing Party with respect to Confidential Material sought in order to afford the Producing Party an opportunity to pursue formal objections to such disclosures.

### MODIFICATION OF PROTECTIVE ORDER

19. The Parties may, upon a showing of good cause, seek an order modifying or amending the Protective Order.

LAW OFFICES OF CHADWICK J. BRADBURY

Dated: 4/19/2010          By /s/ Chadwick J. Bradbury
                             CHADWICK J. BRADBURY
                          Attorneys for Plaintiff/Counter-Defendant
                          WILLIAM D. JOHNS

CURTIS LEGAL GROUP
A Professional Law Corporation

Dated:  4/29/10           By /s/ Michael B. Ijams
                             MICHAEL B. IJAMS
                          Attorneys for Defendant/Counter-Complainant
                          MTC DISTRIBUTING and Defendant THOMAS EAKIN

### ORDER

IT IS SO ORDERED.

Dated:  **April 30, 2010**             /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

**STIPULATION FOR PROTECTIVE ORDER LIMITING USE OF DISCOVERY, AND ORDER THEREON**                                                                 10